**Milton Joseph BROWN,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

Nos. 78–2557, 78–2558.

United States Court of Appeals,
Ninth Circuit.

Sept. 21, 1979.

Order of Remand Aug. 11, 1980.

---

3. We do not reach Bigeleisen's third argument that he was entitled to judgment of acquittal on counts I, III, and IV.

Douglas Pope, Anchorage, Alaska, for petitioner-appellant.

Dan E. Dennis, Asst. U.S. Atty., Anchorage, Alaska, for respondent-appellee.

Before CHAMBERS and TANG, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM.

Appellant was convicted of violation of the narcotics laws in 1975, and after his conviction was affirmed by this Court, he filed a motion to vacate sentence under 28 U.S.C. § 2255. The appeal in No. 78–2558 is from the final order of the district court denying relief under that Section. The ap-

peal in No. 78–2557 is from an earlier non-appealable order and must be and is dismissed. The issue sought to be raised therein, however, is properly considered in the appeal from the final order.

Appellant contends that the attorney who represented him at his trial was simultaneously representing a Drug Enforcement Administration agent who would testify against him. Administrative proceedings had been initiated against the agent before the trial commenced; they resulted in his eventual dismissal from the DEA. At the trial (which was some weeks before his dismissal) the agent testified that he was present with several other officers when appellant was arrested and, while other agents were conducting a search of appellant's home, appellant told him that the narcotics which had been discovered in appellant's bedroom were his. At the trial, the agent was cross-examined, but not extensively. (Indeed, the examination and cross-examination of the agent comprise less than 20 pages in over 700 pages of reporter's transcript.)

Appellant argues that the cross-examination of the agent was restrained as a result of his attorney's dual representation and, as a result, the agent was not sufficiently questioned as to his bias in favor of the government. He proceeds on the assumption that the agent would have been disposed to have an even greater bias in favor of the government than he would have in normal circumstances, because he would be interested in protecting his governmental job, which was in jeopardy. Appellant characterizes the situation as representing a denial of effective assistance of counsel under the Sixth Amendment.

The test that is applied in this circuit, where there is a claim of ineffective counsel, is whether there was "reasonably effective and competent defense representation." *Cooper v. Fitzharris,* 586 F.2d 1325, 1329 (9th Cir. 1978). The district judge, in reviewing the record of the trial

---

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

and of the evidentiary hearing, and in considering the testimony given at both, concluded that the evidence against appellant was "overwhelming even totally disregarding [the agent's] testimony." Moreover, he noted that appellant had "never contended that the statements given to [the agent] were involuntary."

In *Cooper v. Fitzharris, supra,* this Court held that:

"When the claim of ineffective assistance of counsel rests upon specific acts and omissions of counsel at trial, as it does in this case, relief will be granted only if it appears that the defendant was prejudiced by counsel's conduct." 586 F.2d at 1331.

The district judge concluded that the effect of any additional evidence as to the agent's pro-government bias,

". . . was so remote and negligible when compared to the direct evidence against Petitioner that the court cannot conceive of the possibility that the verdict would have been any different had such evidence been presented."

█ Our review of the record leads to the same conclusion. Even if we begin, as did the district judge, with an assumption that there was a conflict of interest, we find that appellant has not carried his burden of establishing prejudice arising from counsel's failure to cross-examine the agent further.

Other issues, including that originally raised in No. 78–2557, are all related directly to the issue of the conflict of interest and the prosecutor's knowledge of it. This, it is argued, constituted a denial of fair trial. But all of these issues are without merit. As there was no prejudice arising from any conflict of interest, there can be no merit to an argument that the prosecutor did not disclose his knowledge of that conflict of interest.[1]

The appeal sought to be taken as No. 78–2557 is dismissed. The order appealed from in No. 78–2558 is affirmed.

## ORDER OF REMAND

### ORDER FOR PUBLICATION

It is ordered that our memorandum herein filed on September 21, 1979 be published as an opinion per curiam.

The Supreme Court by order of May 27, 1980, *Brown v. United States,* —— U.S. ——, 100 S.Ct. 2936, 65 L.Ed.2d —— (1980), has vacated the judgment of this Court for further consideration in light of *Cuyler v. Sullivan,* —— U.S. ——, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The mandate thereon reached this Court on July 10, 1980.

This Court deems it appropriate that the question be first ruled upon by the District Court for the District of Alaska. It is suggested that the final order of the District Court, the subject of appeal in No. 78–2558, be vacated, and the sixth amendment claim be reconsidered. When a new final order is entered, a new appeal may be taken. Under a new appeal, on motion, the record in this case may be transferred to the new number. The present panel will retain the case.

Remanded to the District Court of Alaska.

---

1. This is not to say that the prosecutor's silence was appropriate. The motion attacking the conviction and the appeals to this Court might have been avoided (or simplified) if the trial judge had been informed of the situation, thus giving him the opportunity to address the problem during the trial.